IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 CR 496 |
| ) | |
| ROCEASER IVY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Able counsel for criminal defendant Roceaser Ivy ("Ivy") have filed a motion -- now fully briefed -- seeking the disclosure of various records relating to the jury qualification and selection process. Essentially the government has responded that the long established process under which this District Court has operated over the years renders the quest for discovery "overbroad, unprecedented, and not likely to yield relevant information" (Gov't Resp. 2) -- see United States v. Davenport, 824 F.2nd 1511, 1513-15 (7th Cir. 1987).

But in a way the very existence of such an extended period lends some force to Ivy's motion. Evan those of us who have served on the bench for lengthy periods of time (for this Court, more than three decades) have still seen nothing more than snapshots of the manner in which the system works -- each jury trial delivers to the trial judge's courtroom a small random sample taken from that bi-weekly period's randomly selected pool of prospective jurors. But neither this Court nor any of its

colleagues maintains a longitudinal record of those snapshots.

It must be recognized that the nearly quarter century that has elapsed since Davenport has been marked by major demographic changes. Although this Court has no predicate for a statistical evaluation, it may perhaps be (for example) that the use of the registered voters list no longer produces a "fair cross-section of the community" (United States v. Raszkiewicz, 169 F.3d 459, 462 n.1 (7th Cir. 1999)).

In sum, this Court grants Ivy's motion to the extent that it seeks some reasonable disclosure of relevant records. That said, however, this Court is persuaded by the government's response that the wealth of material sought by Ivy's counsel appears to be overly detailed and burdensome and unnecessary for a reasonable evaluation. Accordingly the parties will be expected to discuss the reasonable scope of such production at the next status hearing, which had been set for February 2 but is being rescheduled because of the anticipated blizzard.

_____
Milton I. Shadur
Senior United States District Judge

Dated: February 1, 2011